GARRISON, Judge.
Walter Maschmayer appeals from a judgment which dismissed his petition to annul a judgment increasing the amount of his child support payments. The judgment on his petition for nullity also made executory past-due child support. He specifies the following errors on appeal:
(1) The court erred in finding that he was properly and legally served pursuant to R.S. 13:3201;
(2) The court erred in finding that he had legal and actual notice of the hearing on the rule to increase child support;
(3) The court erred in not annulling the judgment on the rule to increase child support.
On November 7, 1975 Angela Maschmayer divorced Walter Maschmayer. By consent judgment pendente lite, the parties had agreed that Angela would have custody of the four minor children and that Walter would pay child support in the amount of $100 per month. This agreement was carried over into the divorce judgment. In January 1978 Angela filed a rule to show cause why child support should not be increased. Because Walter was now living in Houston, Texas, Angela’s attorney mailed Walter a certified copy of the rule notice under the provisions of the Louisiana Long Arm Statute, R.S. 13:32o!.[1] On March 15, 1978, the rule was made absolute, and child support was increased to $977.00 per month.
Walter continued making his child support payments, but only in the original amount, $100 per month. On June 30,1978, Angela filed another rule, this time to make past-due child support executory. On September 1, 1978, Walter filed a petition to nullify the judgment of March 15, 1978 which had increased the amount of child support. At the trial of this petition, consolidated with the rule to make past-due child support executory, the following uncontested facts were elicited:
(1) The envelope containing notice of the rule to increase, mailed by Angela’s attorney to Walter’s Houston business address, had been refused by Walter.
(2) The envelope was returned to Angela’s attorney marked “Return to Sender,” “Refused,” and “Refused to Pay Postage Due.”
The crucial question to be answered by the trial judge was whether the envelope had been mailed with proper postage affixed.
John B. Brown, Jr., a Postal Service employee certified as an expert in post office procedures, testified that correct postage on *801 the envelope on January 26, 1978 would have been $1.58, which was the amount affixed. He concluded the “Refused to Pay Postage Due” marking must have been stamped in error, because there was no marking to indicate an attempt to collect additional postage. He said there would have been a meter tape that would read “Postage Due” and show whatever amount was to be collected. The tape would have been stamped and voided before being returned to sender. Further, if the envelope had been sent with postage due the sender would have had to pay that amount to get the letter back, yet there was no evidence of this on the envelope.
Walter Maschmayer himself testified that he refused the letter because his Texas attorney had advised him not to accept any certified letters from Louisiana. He could not remember whether there was any postage due on the letter. He said he didn’t know what this latter was about, but that a friend in New Orleans had told him there was a hearing set. His Texas attorney, however, said that since he hadn’t been served with any papers he should let things take their course. Walter testified that he always refused any certified or registered mail from Louisiana unless it was addressed to him at his office, using his business title.
Laurence Rudman, who was Angela’s attorney at the time the notice was sent, testified that he had to pay 24$ postage due when the envelope came back. He understood it was for return of the letter to him.
The issue involved here is purely a factual question and thus is ruled by the manifest error doctrine. The evidence was conflicting on the question whether sufficient postage had been affixed. The trial judge, however, obviously agreed with the Postal Service employee’s opinion that “Postage Due” was stamped on the envelope in error. The judge states in his oral Reasons for Judgment,
“I am convinced that not only was the notice properly mailed, I am convinced also by the preponderance of the testimony that there was sufficient postage thereon. I am convinced by Mr. Maschmayer’s lack of specific knowledge about the postage. I am convinced that there was no postage due at the Texas site. I am convinced by Mr. Maschmayer’s own testimony that on the advice of Texas counsel, which may have been bad, that he was refusing, intentionally refusing notices of anything that may notify him of the trial of any issue in this case. Because, I think he very candidly told us from the stand he certainly knew of all the events going on. Therefore, I think the requirements of the Long Arm Statute have been made.”
This was a reasonable inference of fact, which this court cannot overturn absent manifest error. The record supports the trial judge’s findings, and he was not clearly wrong. Accordingly, we affirm the judgment of the district court.

AFFIRMED.

. The Long Arm Statute, in pertinent part, reads as follows:
“§ 3201. Personal jurisdiction over nonresidents
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s * * * non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the non-resident formerly resided in this state. Added by Acts 1977, No. 734, § 1 eff. July 21, 1977.”